# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**UNITED STATES OF AMERICA** upon
the relation and for the use of the
**TENNESSEE VALLEY AUTHORITY**                                    **PLAINTIFF**

**V.**                                                            **NO. 1:17-CV-149-DMB-DAS**

**AN EASEMENT AND RIGHT-OF-WAY**
**OVER 5.59 ACRES OF LAND, MORE**
**OR LESS, IN OKTIBBEHA COUNTY,**
**MISSISSIPPI; JASON E. PATTERSON;**
**RENASANT BANK; and SCOTT R.**
**HENDRIX, Trustee**                                              **DEFENDANTS**

## ORDER GRANTING POSSESSION

This condemnation action is before the Court on the "Plaintiff's Motion for Entry of an Order of Immediate Possession." Doc. #4.

## I
## Procedural History

On September 20, 2017, the United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA"), filed a complaint in this Court "for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest." Doc. #1 at ¶ 1. Specifically, TVA seeks to take for public use an easement and right-of-way over land located in Oktibbeha County, Mississippi ("Property"). *Id.* at ¶ 5; Doc. #1-1. The complaint lists as defendants (1) Jason E. Patterson, the owner of the Property; (2) Renasant Bank, a holder of a lien on the Property by a construction deed of trust; and (3) Scott R. Hendrix, the designated trustee of the construction deed of trust. Doc. #1 at ¶ 6.

Also on September 20, 2017, TVA filed a "Declaration of Taking," signed by Elizabeth Birdwell from its General Counsel's Office, Doc. #2; and a "Notice of Condemnation" identifying

the Property and the defendants, Doc. #3. The following day, TVA deposited $30,900 in the Court's registry.

On September 27, 2017, TVA filed "Plaintiff's Motion for Entry of an Order of Immediate Possession," and an accompanying memorandum. Doc. #4; Doc. #5. The motion and memorandum include certificates of service reflecting that each was mailed to the defendants. The defendants have not responded to the motion.

## II
## Analysis

> Congressional authorization is required for land to be condemned by the government for public use. Congress sometimes exercises the power of eminent domain directly by enacting a statute that appropriates specific property. Congress's normal practice, however, is to delegate the power of eminent domain to government officers who may condemn property in the name of the United States for public use. And Congress may ... grant condemnation power to private corporations executing works in which the public is interested. ... When a condemnation action becomes necessary, a government official has two statutory methods available for exercising the power of eminent domain. Under the first method, called "straight condemnation," the action usually proceeds to a determination of just compensation and final judgment before the condemnor takes possession. Under the second method, often referred to as "quick-take," the government may take possession of the condemned property at the beginning of the case.

*E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 820–21 (4th Cir. 2004) (quotation marks, alterations, and citations omitted). This case involves a "quick-take" action brought by TVA, an entity authorized by Congress to exercise the power of eminent domain. *See* 16 U.S.C. § 831c(h).

40 U.S.C. § 3114, the quick-take statute, provides that "[o]n filing [a] declaration of taking and depositing in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration," three legal mechanisms occur: (1) "title to the estate or interest specified in the declaration vests in the Government;" (2) "the land is condemned and taken for the use of the Government;" and (3) "the right to just compensation for

2

the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b). The statute further provides:

> The declaration of taking shall contain or have annexed to it—
>
> (1) a statement of the authority under which, and the public use for which, the land is taken;
>
> (2) a description of the land taken that is sufficient to identify the land;
>
> (3) a statement of the estate or interest in the land taken for public use;
>
> (4) a plan showing the land taken; and
>
> (5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

*Id.* at § 3114(a).

The Declaration of Taking filed by TVA in this action meets the five declaration requirements. Specifically, the declaration and accompanying exhibits (1) state the taking is authorized by the Tennessee Valley Authority Act of 1933; (2) include a description of the land affected by the taking; (3) identify the interest taken as an easement and right-of-way; (4) include a map showing the land taken; and (5) state that $30,900 "is the amount estimated ... to be just and liberal compensation for the property interest taken." Doc. #2; Doc. #2-1; Doc. #2-2. Additionally, as explained above, TVA has deposited $30,900 dollars with this Court.

Under these circumstances, the Court concludes that TVA has complied with the requirements of the quick-take statute and that, therefore, title to the estate has vested in TVA, thereby entitling TVA to immediate possession. Accordingly, TVA's motion for immediate possession will be granted.

## III
## Conclusion

For the reasons above, TVA's motion for entry of an order of immediate possession [4] is **GRANTED**. All defendants to this action and all persons in possession or control of the property described in the complaint and Declaration of Taking in this case shall surrender possession of such property, to the extent of the estate condemned, to the TVA immediately.

**SO ORDERED**, this 3rd day of November, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**